2408-16-000271

144

# ORIGINAL AND SUPPLEMENTAL AND AMENDED CITATION

**BLAKE HUVAL**
(Plaintiff)

vs.

**BATON ROUGE POLICE DEPARTMENT
ET AL**
(Defendant)

**NUMBER    C637645 SECTION 27**

**19th JUDICIAL DISTRICT COURT**

**PARISH OF EAST BATON ROUGE**

**STATE OF LOUISIANA**

TO:    **BARCO ENTERPRISES, INC.
THROUGH ITS REGISTERED AGENT:
STEVEN J. MOORE LLC
6513 PERKINS ROAD
BATON ROUGE, LA 70808**

      Attached to this citation are certified copies of the Original and Supplemental and Amended Petitions*. The petitions tell you what you are being sued for.

      You must EITHER do what the petitions asks OR, within fifteen (15) days after you have received these documents, you must file an answer or other legal pleadings in the office of the Clerk of Court at 300 North Boulevard, Baton Rouge, Louisiana.

      If you do not do what the petitions asks, or if you do not file an answer or legal pleading within fifteen (15) days, a judgment may be entered against you without further notice.

      This citation was issued by the Clerk of Court for the East Baton Rouge Parish, on **19-JUL-2016.**



_whitney LeBoeuf_
_Deputy Clerk of Court for_
**Doug Welborn, Clerk of Court**

**Requesting Attorney: JAMES V KING III**

*Also attached are the following documents:
**FIRST AMENDED AND SUPPLEMENTAL PETITION FOR DAMAGES, ORIGINAL PETITION FOR DAMAGES, ANSWERS FILED BY DEFENDANT'S, MOTION AND ORDER ENROLLING ADDITIONAL COUNSEL OF RECORD**

## SERVICE INFORMATION:

Received on the _____ day of _____, 20____ and on the _____ day of _____, 20____, served on the above named party as follows:

**PERSONAL SERVICE:** On the party herein named at _____.

**DOMICILIARY SERVICE:** On the within named _____, by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at

**SECRETARY OF STATE:** By tendering same to the within named, by handing same to _____.

**DUE AND DILIGENT:** After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of East Baton Rouge, this _____ day of _____, 20____.

| SERVICE: | $_____ | |
|---|---|---|
| MILEAGE | $_____ | Deputy Sheriff |
| TOTAL: | $_____ | Parish of East Baton Rouge |

**RECEIVED**
JUL 2 1 2016

ORIGINAL AND SUPPLEMENTAL AND AMENDED CITATION -2408



EBR3776383

# 19TH JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

## STATE OF LOUISIANA

CASE NO.: 637-645

**POSTED** SECTION 27

JUL 15 2016

COST OK $ 223.00

BLAKE HUVAL

VERSUS

JUL 1 4 2016
CH 0099600 AG
DEPUTY CLERK OF COURT

**THE BATON ROUGE POLICE DEPARTMENT, through the CITY OF BATON ROUGE, CPL. TROY McCREARY, OFFICER ORY HOLMES THE LOUISIANA STATE UNIVERSITY POLICE DEPARTMENT, through the BOARD OF SUPERVISORS OF THE LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE, and OFFICER JOHN DOE**

FILED: _____     _____
                                              DEPUTY CLERK

## FIRST AMENDED AND SUPPLEMENTAL PETITION FOR DAMAGES

**NOW INTO COURT**, through undersigned counsel, comes BLAKE HUVAL ("Huval"), who files this First Amended and Supplemental Petition for Damages. Plaintiff obtained written consent to this filing via email from all adverse parties on June 29 and 30, 2016 pursuant to La. C.C.P. art. 1151.

Mr. Huval, a person of the full age of majority domiciled and residing in the Parish of East Baton Rouge, State of Louisiana, respectfully avers as follows:

1. Made defendants herein are as follows:

    a. The BATON ROUGE POLICE DEPARTMENT, through the CITY OF BATON ROUGE; the City of Baton Rouge (the "City") is, and at all times mentioned herein, has been a city in the State of Louisiana. The Baton Rouge Police Department ("BRPD") is, and at all times mentioned herein, has been the primary law enforcement agency in the City of Baton Rouge.

    b. TROY McCREARY ("Cpl. McCreary") and ORY HOLMES ("Officer Holmes"), Baton Rouge Police Department officers acting within the course and scope of their employment with the Baton Rouge Police Department.



EBR3610558

FAX COPY FILED  7|12|16
ORIGINAL FILED  7|14|16

REC'D C.F.
JUL 15 2016

c. THE LOUISIANA STATE UNIVERSITY POLICE DEPARTMENT, through the BOARD OF SUPERVISORS OF THE LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE;

d. BARCO ENTERPRISES, INC. d/b/a The Chimes is a Louisiana corporation domiciled in Baton Rouge, LA with its principal place of business also in Baton Rouge, LA.

e. XYZ INSURANCE COMPANY covering any and all claims on behalf of Barco Enterprises, Inc.

2. Jurisdiction and venue are proper in this Court pursuant to La. C.C.P. art. 74., as the Parish of East Baton Rouge is where the wrongful conduct alleged herein occurred.

3. BRPD, through the City of Baton Rouge, and LSUPD, through the Board of Supervisors of the Louisiana State University and Agricultural and Mechanical College are public bodies liable under state law for the acts and omissions of its law enforcement officers and other employees, including those whose conduct caused injury and damages to Mr. Huval.

4. Barco Enterprises, Inc. operates as a bar and restaurant under the name "The Chimes" located at 3357 Highland Road, Baton Rouge, LA 70802. Other known names for The Chimes include "The Chimes Highland" and "The Chimes Restaurant and Taproom."

5. The Chimes hired Officers McCreary and Holmes to provide security to The Chimes as extra-duty police officers on March 8, 2015. The Chimes was acting under color of state law pursuant to its agreement with the Baton Rouge Police Department and/or the City of Baton Rouge and/or the Parish of Easton Baton Rouge.

6. The above named defendants are justly and truly indebted to the plaintiff, jointly, severally, and in solido for such damages as are reasonable in the premises, together with legal interest from the date of judicial demand until paid and for all costs of these proceedings by reason of the following:

7. On the evening of March 8, 2015, Huval was a business customer at the restaurant The Chimes located at 3357 Highland Road in Baton Rouge Louisiana. Huval was accompanied by his fiancée', his brother Chase Huval, an off-duty Trooper with the Louisiana State Police, and his brother's wife, who were having dinner together at The Chimes.

8. After dinner, Huval, his wife, his brother Chase, and Chase's wife went to the establishment next door to listen to a band.

9. After the band's performance was over, they called someone to come pick them up and drive them home. Huval, his fiancée', his brother Chase and his sister-in-law exited the restaurant and were standing in the parking lot adjacent to The Chimes, waiting for the driver to come pick them up. The driver arrived in a black SUV, which she parked in the parking lot. Huval and his brother were standing between the black SUV and another vehicle parked in the parking lot.

10. During the time that Huval and his brother were standing in the parking lot, three young men – approximately 18 to 19 years of age – came running towards them, in a state of distress. The young men indicated that some older men had attempted to start a fight with them, and they had fled the scene of that altercation, and that they were scared and nervous.

11. Huval and his brother attempted to calm the group of young men, and let the three young men sit in the backseat of the black SUV until the young men could secure a ride home.

12. While Huval and his brother were attempting to calm the group of young men, a BRPD vehicle pulled into the parking lot. Upon information and belief, Corporal McCreary exited the car and walked over to Huval and his brother. The officer asked Huval for identification.

13. Huval's brother – who is a Trooper with the Louisiana State Police – approached McCreary to show the officer his identification as a Louisiana State Police Trooper and explain the situation.

14. As Huval's brother did so, a second BRPD officer, upon information and belief, Officer Holmes, approached Huval's brother from behind, and Huval's brother collapsed onto the pavement. At the time, Huval did not know why his brother collapsed; he believed his brother may have been shot. Subsequently, Huval discovered that his brother had been shot with a taser gun by Officer Holmes, which had caused Huval's brother to collapse.

15. Thereafter, the BRPD officers proceeded to punch, kick, and taunt Huval over a period of several minutes, both before and after restraining him and forcefully taking him to the ground, causing serious physical injuries and emotional distress.

3

Additionally, at some point, the BRPD Officers were joined by Lt. Farrell Latour, on information and belief an officer with the LSUPD, who also punched and/or kicked Huval after he had already been restrained by the BRPD officers.

16. Both of the BRPD officers and Lt. Latour mentioned or referred to herein were at all times acting within the course and scope of their agency and employment.

17. Corporal McCreary and Officer Ory Holmes thereafter charged Huval and his brother with assault of a police officer with a dangerous weapon and intentional interference with Baton Rouge City Police Officers acting in their official capacity, pursuant to La. R.S. 14:37 and La. R.S. 14:108.

18. The above-described seizure, arrest, and charges were made without probable cause and for improper purposes, and with the use of excessive and unreasonable force.

19. As a direct result of facing criminal charges, the plaintiff was forced to hire a criminal defense attorney, and has incurred attorney fees to defend these erroneous charges.

20. As a result of the above-described actions and conduct of the defendants, Huval suffered serious physical injuries to his neck and jaw, suffers from temporomandibular joint disorder causing pain to his neck, has suffered bruising throughout his body, and suffers from significant emotional distress, including, but not limited to, night terrors, sweats, depression, anxiety, fear, and insomnia. These injuries have caused and will cause Huval physical and mental pain, suffering, discomfort, disability, scarring, physical impairment, and the loss of enjoyment of life.

21. As a result of his injuries, Huval has incurred medical and pharmaceutical expenses for the treatment of his injuries, and, on information and belief, will incur additional medical and pharmaceutical expenses in the future. On information and belief, he will also incur expenses and costs for items and services necessitated by his injuries. Huval seeks recovery for all future medical expenses necessitated by these injuries.

22. As a result of Huval witnessing his brother collapse to the ground, fearing that his brother had been shot, Huval suffered an intentional infliction of emotional distress.

23. As a result of the above-described actions and conduct of the defendants, Huval suffered and continues to suffer physical injury and significant emotional distress.

24. As a result of the above-described actions and conduct of the defendants, Huval suffered, continues to suffer, and may permanently suffer from fear and humiliation.

25. As a result of the above-described actions and conduct of the defendants, Huval has incurred a past and future wage loss, and, on information and belief, may have sustained a loss of his wage-earning capacity.

## COUNT I: BATTERY

26. Plaintiff re-alleges and incorporates by reference paragraphs 1-25, above.

27. The conduct and actions enumerated above by the defendants constitute harmful and offensive contact with the plaintiff resulting from acts intended to cause plaintiff such a contact, and thus constitute a battery upon Huval.

28. Defendants are liable to plaintiff for all damages sustained as a result of the battery committed upon Huval, as detailed hereinabove.

## COUNT II: FALSE ARREST AND IMPRISONMENT

29. Plaintiff re-alleges and incorporates by reference paragraphs 1-25, above.

30. Defendants' arrest, restraint, and imprisonment of Huval occurred without a valid warrant, without statutory authority, and without any color of legal authority.

31. Defendants are liable to plaintiff for all damages sustained as a result of the false arrest and imprisonment of Huval, as detailed hereinabove.

## COUNT III: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

32. Plaintiff re-alleges and incorporates by reference paragraphs 1-25, above.

33. The actions and conduct by the defendants as detailed herein was extreme and outrageous, resulted in Huval sustaining severe emotional distress, and was of such a nature that is was substantially certain that such emotional distress would arise from defendants' conduct.

34. Defendants are liable for the damages for severe emotional distress sustained as a result of their extreme and outrageous conduct, as detailed hereinabove.

## COUNT IV: VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. 1983

35. Plaintiff re-alleges and incorporates by reference paragraphs 1-25, above.

36. Huval's constitutional rights, privileges and/or immunities have been violated, giving rise to the following causes of action:

37. Pursuant to 42 U.S.C. § 1983, Huval alleges that the defendants' conduct was wanton, reckless, and in disregard of Huval's well-established constitutional rights under the Fourth and Fourteenth Amendments.

38. In addition to the damages sustained by Huval as a result of the violation of his Constitutional Rights as enumerated hereinabove, Huval is entitled to an award of his attorneys' fees and costs, pursuant to 42 U.S.C. § 1988.

## COUNT V: NEGLIGENT SUPERVISION

39. Plaintiff re-alleges and incorporates by reference paragraphs 1-25, above.

40. Barco Enterprises had a duty to supervise the actions of Officers Holmes and McCreary.

41. Barco Enterprises breached its duty to supervise Officers Holmes and McCreary.

42. As a result of Barco Enterprises breach of duty, Plaintiff sustained injuries.

43. Barco Enterprises' actions were the cause-in-fact of Plaintiff's injuries.

44. Barco Enterprises' actions were the legal cause of Plaintiff's injuries.

45. Plaintiff sustained damages as a result of Barco Enterprises' actions.

## COUNT VI: NEGLIGENT HIRING

46. Plaintiff re-alleges and incorporates by reference paragraphs 1-25, above.

47. Barco Enterprises had a duty to hire qualified individuals.

48. Barco Enterprises breached its duty to hire qualified individuals when it hired Officers Holmes and McCreary.

49. As a result of Barco Enterprises breach of duty, Plaintiff sustained injuries.

50. Barco Enterprises' actions were the cause-in-fact of Plaintiff's injuries.

51. Barco Enterprises' actions were the legal cause of Plaintiff's injuries.

52. Plaintiff sustained damages as a result of Barco Enterprises' actions.

53. Huval requests a trial by jury.

**WHEREFORE**, plaintiff Blake Huval respectfully prays that Barco Enterprises, Inc. be served with a certified copy of this Petition and be cited to appear and answer within fifteen (15) days of service in accordance with the requirements of the Louisiana Code of Civil Procedure, and that after all due delays and legal proceedings, this Honorable Court enter Judgment in his favor and against the Defendants for such damages that are reasonable in the premises, together with legal interest from the date of judicial demand until paid, for all costs of these proceedings, for Huval's attorneys' fees, and for all other general and equitable relief this Honorable Court deems just.

Dated: July 12, 2016

Respectfully submitted,

**QUINN ALSTERBERG LLP**

_____
**JULIE QUINN (#21923)**
**JUSTIN E. ALSTERBERG (#31015)**
**JAMES V. KING III (#36106)**
855 Baronne St.
New Orleans, Louisiana 70113
Telephone: (504) 522-5607
Facsimile: (504) 302-9360
*Counsel for Blake Huval*

**PLEASE SERVE:**
Barco Enterprises, Inc.
Through its Registered Agent:
Steven J. Moore LLC
6513 Perkins Road
Baton Rouge, LA 70808

In addition to serving Barco Enterprises, Inc. with this First Amended and Supplemental Petition for Damages, please also serve it with the following documents and pleadings:

1. Citation
2. Certified Copy of our Original Petition for Damages
3. Certified copy of all responsive pleadings filed by Defendants currently appearing in this action
4. Certified copy of Motion and Order Enrolling Additional Counsel of Record

FILED
EAST BATON ROUGE PARISH, LA
2016 JUL 14 AM 9: 34
DEPUTY CLERK OF COURT

CERTIFIED TRUE AND
CORRECT COPY
JUL 19 2016
East Baton Rouge Parish
Deputy Clerk of Court

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been served upon all counsel of record on this 12th day of July, 2016 by email

_____

JAMES V. KING III

FILED
EAST BATON ROUGE PARISH,LA.

2016 JUL 14 AM 5: 34

DEPUTY CLERK OF COURT

CERTIFIED TRUE AND
CORRECT COPY

JUL 19 2016

East Baton Rouge Parish
Deputy Clerk of Court

19TH JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

CASE NO.: C637645          DIVISION **SEC. 27**

COST OK $ 964.00

MAR 09 2015

DEPUTY CLERK OF COURT

BLAKE HUVAL

**VERSUS**

THE BATON ROUGE POLICE DEPARTMENT, through the
CITY OF BATON ROUGE,
CPL. TROY McCREARY, OFFICER ORY HOLMES
THE LOUISIANA STATE UNIVERSITY POLICE DEPARTMENT, through the
BOARD OF SUPERVISORS OF THE LOUISIANA STATE UNIVERSITY AND
AGRICULTURAL AND MECHANICAL COLLEGE, and
OFFICER JOHN DOE

FILED: _____          _____
                                    DEPUTY CLERK

## PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes BLAKE HUVAL ("Huval"),

a person of the full age of majority domiciled and residing in the Parish of East Baton Rouge, State

of Louisiana, who respectfully avers as follows:

1.

Made defendants herein are as follows:

a) The BATON ROUGE POLICE DEPARTMENT, through the CITY OF BATON

ROUGE; the City of Baton Rouge (the "City") is, and at all times mentioned herein,

has been a city in the State of Louisiana. The Baton Rouge Police Department

("BRPD") is, and at all times mentioned herein, has been the primary law

enforcement agency in the City of Baton Rouge.

b) TROY McCREARY ("Cpl. McCreary") and ORY HOLMES ("Officer Holmes"),

Baton Rouge Police Department officers acting within the course and scope of their

employment with the Baton Rouge Police Department.

**REC'D C.P.**

c) THE LOUISIANA STATE UNIVERSITY POLICE DEPARTMENT, through the

BOARD OF SUPERVISORS OF THE LOUISIANA STATE UNIVERSITY AND

**MAR 10 2015**

**REC'D C.P.**

AGRICULTURAL AND MECHANICAL COLLEGE;

**MAR 10 2015**

1

FAX COPY FILED 3/6/15
ORIGINAL FILED 3/9/15



**Certified True and
Correct Copy**
eCertID: 000261103

*Whitney LeBoeuf*
East Baton Rouge Parish
Deputy Clerk of Court
Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

Generated Date:
7/19/2016 11:57 AM

    d) OFFICER JOHN DOE, an officer with Louisiana State University Police Department acting within the course and scope of his employment with the Louisiana State University Police Department ("LSUPD").

2.

    Jurisdiction and venue are proper in this Court pursuant to La. C.C.P. art. 74., as the Parish of East Baton Rouge is where the wrongful conduct alleged herein occurred.

3.

    BRPD, through the City of Baton Rouge, and LSUPD, through the Board of Supervisors of the Louisiana State University and Agricultural and Mechanical College are public bodies liable under state law for the acts and omissions of its law enforcement officers and other employees, including those whose conduct caused injury and damages to Mr. Huval.

4.

    The above named defendants are justly and truly indebted to the plaintiff, jointly, severally, and in solido for such damages as are reasonable in the premises, together with legal interest from the date of judicial demand until paid and for all costs of these proceedings by reason of the following:

5.

    On the evening of March 8, 2015, Huval was a business customer at the restaurant "The Chimes" located at 3357 Highland Road in Baton Rouge Louisiana. Huval was accompanied by his fiancée', his brother Chase Huval, an off-duty Trooper with the Louisiana State Police, and his brother's wife, who were having dinner together at The Chimes.

6.

    After dinner, Huval, his wife, his brother Chase, and Chase's wife went to the establishment next door to listen to a band.

7.

    After the band's performance was over, they called someone to come pick them up and drive them home. Huval, his fiancée', his brother Chase and his sister-in-law exited the restaurant and were standing in the parking lot adjacent to The Chimes, waiting for the driver to come pick

2



**Certified True and Correct Copy**
eCertID: 000261103

_Whitney LeBoeuf_
East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
7/19/2016 11:57 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

them up. The driver arrived in a black SUV, which she parked in the parking lot. Huval and his brother were standing between the black SUV and another vehicle parked in the parking lot.

8.

During the time that Huval and his brother were standing in the parking lot, three young men – approximately 18 to 19 years of age – came running towards them, in a state of distress. The young men indicated that some older men had attempted to start a fight with them, and they had fled the scene of that altercation, and that they were scared and nervous.

9.

Huval and his brother attempted to calm the group of young men, and let the three young men sit in the backseat of the black SUV until the young men could secure a ride home.

10.

While Huval and his brother were attempting to calm the group of young men, a BRPD vehicle pulled into the parking lot. Upon information and belief, Corporal McCreary exited the car and walked over to Huval and his brother. The officer asked Huval for identification.

11.

Huval's brother – who is a Trooper with the Louisiana State Police – approached McCreary to show the officer his identification as a Louisiana State Police Trooper and explain the situation.

12.

As Huval's brother did so, a second BRPD officer, upon information and belief, Officer Holmes, approached Huval's brother from behind, and Huval's brother collapsed onto the pavement. At the time, Huval did not know why his brother collapsed; he believed his brother may have been shot. Subsequently, Huval discovered that his brother had been shot with a taser gun by Officer Holmes, which had caused Huval's brother to collapse.

13.

Thereafter, the BRPD officers proceeded to punch, kick, and taunt Huval over a period of several minutes, both before and after restraining him and forcefully taking him to the ground, causing serious physical injuries and emotional distress. Additionally, at some point, the BRPD Officers were joined by John Doe, on information and belief an officer with the LSUPD, who also punched and/or kicked Huval after he had already been restrained by the BRPD officers.

3

**Certified True and Correct Copy**
eCertID: 000261103

_whitney LeBoeuf_
East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
7/19/2016 11:57 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

14.

Both of the BRPD officers and the as-yet-unidentified LSUPD officer mentioned or referred to herein were at all times acting within the course and scope of their agency and employment.

15.

Corporal McCreary and Officer Ory Holmes thereafter charged Huval and his brother with assault of a police officer with a dangerous weapon and intentional interference with Baton Rouge City Police Officers acting in their official capacity, pursuant to La. R.S. 14:37 and La. R.S. 14:108.

16.

The above-described seizure, arrest, and charges were made without probable cause and for improper purposes, and with the use of excessive and unreasonable force.

17.

As a direct result of facing criminal charges, the plaintiff was forced to hire a criminal defense attorney, and has incurred attorney fees to defend these erroneous charges.

18.

As a result of the above-described actions and conduct of the defendants, Huval suffered serious physical injuries to his neck and jaw, suffers from temporomandibular joint disorder causing pain to his neck, has suffered bruising throughout his body, and suffers from significant emotional distress, including, but not limited to, night terrors, sweats, depression, anxiety, fear, and insomnia. These injuries have caused and will cause Huval physical and mental pain, suffering, discomfort, disability, scarring, physical impairment, and the loss of enjoyment of life.

19.

As a result of his injuries, Huval has incurred medical and pharmaceutical expenses for the treatment of his injuries, and, on information and belief, will incur additional medical and pharmaceutical expenses in the future. On information and belief, he will also incur expenses and

4

**Certified True and Correct Copy**
eCertID: 000261103


East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
7/19/2016 11:57 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

costs for items and services necessitated by his injuries. Huval seeks recovery for all future medical expenses necessitated by these injuries.

20.

As a result of Huval witnessing his brother collapse to the ground, fearing that his brother had been shot, Huval suffered an intentional infliction of emotional distress.

21.

As a result of the above-described actions and conduct of the defendants, Huval suffered and continues to suffer physical injury and significant emotional distress.

22.

As a result of the above-described actions and conduct of the defendants, Huval suffered, continues to suffer, and may permanently suffer from fear and humiliation.

23.

As a result of the above-described actions and conduct of the defendants, Huval has incurred a past and future wage loss, and, on information and belief, may have sustained a loss of his wage-earning capacity.

## COUNT I: BATTERY

24.

Plaintiff re-alleges and incorporates by reference paragraphs 1-23, above.

25.

The conduct and actions enumerated above by the defendants constitute harmful and offensive contact with the plaintiff resulting from acts intended to cause plaintiff such a contact, and thus constitute a battery upon Huval.

26.

Defendants are liable to plaintiff for all damages sustained as a result of the battery committed upon Huval, as detailed hereinabove.

## COUNT II: FALSE ARREST AND IMPRISONMENT

27.

Plaintiff re-alleges and incorporates by reference paragraphs 1-23, above.

5


**Certified True and Correct Copy**
eCertID: 000261103

*whitney LeBoeuf*
East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
7/19/2016 11:57 AM

Alterations and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

28.

Defendants' arrest, restraint, and imprisonment of Huval occurred without a valid warrant, without statutory authority, and without any color of legal authority.

29.

Defendants are liable to plaintiff for all damages sustained as a result of the false arrest and imprisonment of Huval, as detailed hereinabove.

## COUNT III: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

30.

Plaintiff re-alleges and incorporates by reference paragraphs 1-23, above.

31.

The actions and conduct by the defendants as detailed herein was extreme and outrageous, resulted in Huval sustaining severe emotional distress, and was of such a nature that is was substantially certain that such emotional distress would arise from defendants' conduct.

32.

Defendants are liable for the damages for severe emotional distress sustained as a result of their extreme and outrageous conduct, as detailed hereinabove.

## COUNT IV: VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. 1983

33.

Plaintiff re-alleges and incorporates by reference paragraphs 1-23, above.

34.

Huval's constitutional rights, privileges and/or immunities have been violated, giving rise to the following causes of action:

35.

Pursuant to 42 U.S.C. § 1983, Huval alleges that the defendants' conduct was wanton, reckless, and in disregard of Huval's well-established constitutional rights under the Fourth and Fourteenth Amendments.

6

**Certified True and Correct Copy**
eCertID: 0002611103


East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
7/19/2016 11:57 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

36.

In addition to the damages sustained by Huval as a result of the violation of his Constitutional Rights as enumerated hereinabove, Huval is entitled to an award of his attorneys' fees and costs, pursuant to 42 U.S.C. § 1988.

37.

Huval requests a trial by jury.

WHEREFORE, plaintiff Blake Huval respectfully prays that defendants be served with a certified copy of this Petition and be cited to appear and answer within fifteen (15) days of service in accordance with the requirements of the Louisiana Code of Civil Procedure, and that after all due delays and legal proceedings, this Honorable Court enter Judgment in his favor and against the defendants for such damages that are reasonable in the premises, together with legal interest from the date of judicial demand until paid, for all costs of these proceedings, for Huval's attorneys' fees, and for all other general and equitable relief this Honorable Court deems just.

Respectfully submitted,

**QUINN ALSTERBERG LLP**



JULIE QUINN (#21923)
JUSTIN E. ALSTERBERG (#31015), T.A.
NATALIE K. MAPLES (#34658)
855 Baronne St.
New Orleans, Louisiana 70113
Telephone: (504) 522-5607
Facsimile: (504) 561-6775
*Counsel for Blake Huval*

**(SERVICE INFORMATION ON NEXT PAGE)**

7

**Certified True and Correct Copy**
eCertID: 000261103

Whitney LeBoeuf
East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
7/19/2016 11:57 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

**PLEASE SERVE:**
**The Baton Rouge Police Department, through the City of Baton Rouge**
Melvin "Kip" Holden, Sr. (Mayor-President)
222 Saint Louis St.
3rd Floor
Baton Rouge, Louisiana 70802

**Cpl. Troy McCreary**
9000 Airline Hwy.
Baton Rouge, Louisiana 70815

**Officer Ory Holmes**
9000 Airline Hwy.
Baton Rouge, Louisiana 70815

**The Louisiana State University Police Department, through the Board of Supervisors of the Louisiana State University Agricultural and Mechanical College**
Ann D. Duplessis (chair)
3810 W. Lakeshore Drive
Baton Rouge, Louisiana 70808

8

Certified True and
Correct Copy
eCertID: 000261103

Whitney LeBoeuf
East Baton Rouge Parish
Deputy Clerk of Court
Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

Generated Date:
7/19/2016 11:57 AM

ORIGINAL

POSTED

APR 0 8 2015

19TH JUDICIAL DISTRICT COURT
PARISH OF EAST BATON ROUGE
STATE OF LOUISIANA

BLAKE HUVAL

VERSUS

THE BATON ROUGE POLICE
DEPARTMENT, THROUGH THE
CITY OF BATON ROUGE, CPL. TROY
MCCREARY, OFFICER ORY HOLMES
THE LA STATE UNIVERSITY POLICE
DEPARTMENT THROUGH THE BOARD
OF SUPERVISORS OF THE LA STATE
UNIVERSITY AND AGRICULTURAL AND
MECHANICAL COLLEGE AND OFFICER
JOHN DOE

NUMBER: 637,645

SECTION: "27"

COST OK Amt. _City_

APR 0 7 2015

BY _____
DY CLERK OF COURT

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### ANSWER FILED BY THE CITY OF BATON ROUGE/PARISH OF EAST BATON ROUGE, CPL. TROY MCCREARY AND OFFICER ORY HOLMES

NOW INTO COURT, through undersigned counsel, come the Baton Rouge Police Department through the City of Baton Rouge/Parish of East Baton Rouge, a political subdivision of the State of Louisiana (hereinafter referred to as "City/Parish"), Cpl. Troy McCreary (hereinafter referred to as "McCreary") and Officer Ory Holmes (hereinafter referred to as "Holmes") who, for answer to the petition filed by plaintiff, deny each and every allegation contained therein, except those that may be specifically hereinafter admitted, and respectfully answer as follows:

**1.**

The allegations contained in paragraph 1 require no answer by defendants, however, in the event that an answer is required, then, in that event, the City/Parish. McCreary and Holmes hereby admit their names and status only as defendants in the above-captioned lawsuit.

**2.**

The allegations contained in paragraph 2 of the petition are hereby admitted as to the correct jurisdiction and venue of the alleged incident.

**3.**

The allegations contained in paragraph 3 of the petition do not require an answer from defendants.

**4.**

The allegations contained in paragraph 4 of the petition are hereby denied.



EBR2898999

Certified True and
Correct Copy
eCertID: 000261104

Whitney LeBoeuf
East Baton Rouge Parish
Deputy Clerk of Court
Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

Generated Date:
7/19/2016 11:58 AM

**5.**

It is admitted that an incident occurred on or about September 7, 2013, but all other the allegations contained in paragraph 5 are denied.

**6.**

The allegations contained in paragraph 6 of the petition are hereby denied for lack of sufficient information upon which to justify a belief therein.

**7.**

The allegations contained in paragraph 7 of the petition are hereby denied for lack of sufficient information upon which to justify a belief therein.

**8.**

The allegations contained in paragraph 8 of the petition are hereby denied for lack of sufficient information upon which to justify a belief therein.

**9.**

The allegations contained in paragraph 9 of the petition are hereby denied for lack of sufficient information upon which to justify a belief therein.

**10.**

The allegations contained in paragraph 10 of the petition are hereby denied for lack of sufficient information upon which to justify a belief therein.

**11.**

The allegations contained in paragraph 11 of the petition are hereby denied for lack of sufficient information upon which to justify a belief therein.

**12.**

The allegations contained in paragraph 12 of the petition are hereby denied for lack of sufficient information upon which to justify a belief therein.

**13.**

The allegations contained in paragraph 13 of the petition are hereby denied for lack of sufficient information upon which to justify a belief therein.

**14.**

The allegations contained in paragraph 14 of the petition are hereby denied for lack of sufficient information upon which to justify a belief therein.

**Certified True and Correct Copy**
eCertID: 000261104

*Whitney LeBoeuf*
East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
7/19/2016 11:58 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

**15.**

The allegations contained in paragraph 15 of the petition are hereby denied for lack of sufficient information upon which to justify a belief therein.

**16.**

The allegations contained in paragraph 16 of the petition are hereby denied.

**17.**

The allegations contained in paragraph 17 of the petition are hereby denied for lack of sufficient information upon which to justify a belief therein.

**18.**

The allegations contained in paragraph 18 of the petition are hereby denied for lack of sufficient information upon which to justify a belief therein.

**19.**

The allegations contained in paragraph 19 of the petition are hereby denied for lack of sufficient information upon which to justify a belief therein.

**20.**

The allegations contained in paragraph 20 of the petition are hereby denied.

**21.**

The allegations contained in paragraph 21 of the petition are hereby denied.

**22.**

The allegations contained in paragraph 22 of the petition are hereby denied.

**23.**

The allegations contained in paragraph 23 of the petition are hereby denied.

**24.**

The allegations contained in paragraph 24 of the petition are hereby denied.

**25.**

The allegations contained in paragraph 25 of the petition are hereby denied.

**26.**

The allegations contained in paragraph 26 of the petition are hereby denied.

**27.**

The allegations contained in paragraph 27 of the petition are hereby denied.

**Certified True and Correct Copy**
eCertID: 000261104

_Whitney LeBoeuf_
East Baton Rouge Parish
Deputy Clerk of Court
Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

Generated Date:
7/19/2016 11:58 AM

**28.**

The allegations contained in paragraph 28 of the petition are hereby denied.

**29.**

The allegations contained in paragraph 29 of the petition are hereby denied.

**30.**

The allegations contained in paragraph 30 of the petition are hereby denied.

**31.**

The allegations contained in paragraph 31 of the petition are hereby denied.

**32.**

The allegations contained in paragraph 32 of the petition are hereby denied.

**33.**

The allegations contained in paragraph 33 of the petition are hereby denied.

**34.**

The allegations contained in paragraph 34 of the petition are hereby denied.

**35.**

The allegations contained in paragraph 35 of the petition are hereby denied.

**36.**

The allegations contained in paragraph 36 of the petition are hereby denied.

**37.**

The allegations contained in paragraph 37 do no require and answer from defendants.

**38.**

Defendants, pray for trial by jury on all issues that may be tried by a jury and requests this Honorable Court to dispense with the filing of a jury bond in accordance with La.-R.S. 13:4581.

**39.**

The City/Parish of East Baton Rouge request written notice of all pleadings, orders or judgements made or rendered under the provisions of Art. 1571 and 1572 of Louisiana Code of Civil Procedure and under the Art.1913 and 1914 of Louisiana Code of Civil Procedure.


**Certified True and Correct Copy**
eCertID: 000261104


East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:

7/19/2016 11:58 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

## FURTHER ANSWERING:

### FIRST DEFENSE - FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Plaintiff's complaint fails to state a claim upon which relief can be granted because there are insufficient factual allegations showing that defendants violated any of plaintiff's civil rights under the United States Constitution, or applicable federal law.

A violation of plaintiff's state created civil rights or liberties does not state a claim upon which relief can be granted by this Court.

### SECOND DEFENSE - NO CONSTITUTIONAL DEPRIVATION OF LIFE, LIBERTY OR PROPERTY WITHOUT DUE PROCESS OF LAW.

Defendant did not deprive plaintiff of any vested liberty or property interests in violation of the Due Process Clause of the Fourteenth Amendment of the United States Constitution. Plaintiff received all the process that was due under the Constitution of the United States.

### THIRD DEFENSE - NO FOURTH AMENDMENT EXCESSIVE FORCE VIOLATION

Defendant did not use any force which was unnecessary or excessive under the circumstances or which rises to the level of a constitutional violation.

In the alternative, if force was used against plaintiff, then the only force used was that force reasonably necessary for defendant to bring plaintiff under control in order to protect the life and safety of plaintiff, and all others present and to maintain the security of the situation. It did not constitute any unnecessary and wanton infliction of pain.

### FOURTH DEFENSE - ABSOLUTE AND/OR QUALIFIED IMMUNITY

In the alternative, if any defendant is found by the Court to have violated plaintiff's civil rights, then each such defendant is immune from a judgment for damages because each defendant acted at all times reasonably and in good faith and in accordance with federal and state law and police department rules and regulations. Defendant's conduct did not violate any clearly established constitutional or statutory rights of plaintiff of which a reasonable person would have known. Said defendant further shows that their beliefs in the lawfulness of their actions were a reasonable belief and for that reason they are entitled to absolute and/or qualified immunity from liability under the provisions of Title 42 USC 1983. Further, defendant is entitled to statutory immunity pursuant to La. R.S. 9:2798.1.

**Certified True and Correct Copy**
eCertID: 000261104


East Baton Rouge Parish
Deputy Clerk of Court

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

Generated Date:
7/19/2016 11:58 AM

**FIFTH DEFENSE - COMPARATIVE FAULT**

In the alternative, if any defendant is found to have violated plaintiff's rights and is not entitled to the defense of qualified immunity, then plaintiff through intentional or negligent acts and failure to act as a reasonable person, contributed to his own injuries or damages.

**SIXTH DEFENSE - FAILURE TO MITIGATE DAMAGES**

The plaintiff has failed to mitigate his damages.

**SEVENTH DEFENSE - DENIAL OF RELIEF PRAYED FOR**

Plaintiff is not entitled to injunctive, declaratory, or monetary relief.

Plaintiff is not entitled to attorney fees under 42 U.S.C. 1988.

**WHEREFORE,** defendants, pray that this answer be deemed good and sufficient and after all due proceedings had that there be judgment in favor of the defendants, City/Parish, McCreay and Holmes, dismissing plaintiff's suit with prejudice at plaintiffs' cost.

**BY ATTORNEY:**

**Tedrick K. Knightshead (#28851)**
**Special Assistant Parish Attorney**
**10500 Coursey Blvd, Suite 205**
**Baton Rouge, LA 70816**
**Telephone: (225) 389-8730**
**Facsimile: (225) 389-8736**

## CERTIFICATE

I hereby certify that a copy of the foregoing has this day been mailed, postage prepaid, to Attorney Justin E. Alsterberg located at 855 Baronne Street, New Orleans, LA 70113.

Baton Rouge, Louisiana, this _____ day of April, 2015.

**Tedrick K. Knightshead**


**Certified True and Correct Copy**
eCertID: 000261104

Whitney LeBoeuf
East Baton Rouge Parish
Deputy Clerk of Court
Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

Generated Date:
7/19/2016 11:58 AM

19TH JUDICIAL DISTRICT JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

BLAKE HUVAL

VERSUS

THE BATON ROUGE POLICE
DEPARTMENT, THROUGH THE CITY OF
BATON ROUGE, CPL. TROY
MCCREARY, OFFICER ORY HOLMES,
THE LOUISIANA STATE UNIVERSITY
POLICE DEPARTMENT, THROUGH THE
BOARD OF SUPERVISORS OF
LOUISIANA STATE UNIVERSITY AND
AGRICULTURAL AND MECHANICAL
COLLEGE, AND OFFICER JOHN DOE

\* NUMBER: 637645
\*
\* SECTION: "27"
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*

STATE

MAY 1 2 2015

BY_____

DY CLERK OF COURT

**POSTED**

MAY 1 2 2015

## ANSWER

NOW INTO COURT, through undersigned counsel, comes the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College (LSU) and, in answer to the plaintiff's petition, denies each and every allegation of fact contained therein except such as may be hereinafter specifically admitted. And now responding to the specific allegations of the plaintiff's petition, LSU states:

1.

The allegations of Paragraph 1 of the plaintiff's petition are denied as written and/or denied for lack of sufficient information to justify a belief therein. LSU specifically denies that there is a legal entity known as "the Louisiana State University Police Department".

2.

The allegations of Paragraph 2 of the plaintiff's petition are denied and/or denied as written.

3.

The allegations of Paragraph 3 of the plaintiff's petition are denied and/or denied as written.

4.

The allegations of Paragraph 4 of the plaintiff's petition are denied.

Certified True and
Correct Copy
eCertID: 000261105

_Whitney LeBoeuf_
East Baton Rouge Parish
Deputy Clerk of Court
Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

Generated Date:
7/19/2016 11:59 AM

EBR2922566

**5.**

The allegations of Paragraph 5 of the plaintiff's petition are denied for lack of information sufficient to justify a belief therein.

**6.**

The allegations of Paragraph 6 of the plaintiff's petition are denied for lack of information sufficient to justify a belief therein.

**7.**

The allegations of Paragraph 7 of the plaintiff's petition are denied for lack of information sufficient to justify a belief therein.

**8.**

The allegations of Paragraph 8 of the plaintiff's petition are denied for lack of information sufficient to justify a belief therein.

**9.**

The allegations of Paragraph 9 of the plaintiff's petition are denied for lack of information sufficient to justify a belief therein.

**10.**

The allegations of Paragraph 10 of the plaintiff's petition are denied for lack of information sufficient to justify a belief therein.

**11.**

The allegations of Paragraph 11 of the plaintiff's petition are denied for lack of information sufficient to justify a belief therein.

**12.**

The allegations of Paragraph 12 of the plaintiff's petition are denied for lack of information sufficient to justify a belief therein.

**13.**

The allegations of Paragraph 13 of the plaintiff's petition are denied, denied as written and/or denied for lack of sufficient information to justify a belief therein. .

**14.**

The allegations of Paragraph 14 of the plaintiff's petition are denied as written and/or denied for lack of information sufficient to justify a belief therein.

**Certified True and Correct Copy**
eCertID: 000261105

_whitney LeBoeuf_
East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
7/19/2016 11:59 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

**15.**

The allegations of Paragraph 15 of the plaintiff's petition are denied for lack of information sufficient to justify a belief therein.

**16.**

The allegations of Paragraph 16 of the plaintiff's petition are denied and/or denied for lack of sufficient information to justify a belief therein.

**17.**

The allegations of Paragraph 17 of the plaintiff's petition are denied for lack of information sufficient to justify a belief therein.

**18.**

The allegations of Paragraph 18 of the plaintiff's petition are denied and/or denied for lack of sufficient information to justify a belief therein.

**19.**

The allegations of Paragraph 19 of the plaintiff's petition are denied and/or denied for lack of sufficient information to justify a belief therein.

**20.**

The allegations of Paragraph 20 of the plaintiff's petition are denied and/or denied for lack of sufficient information to justify a belief therein.

**21.**

The allegations of Paragraph 21 of the plaintiff's petition are denied and/or denied a written.

**22.**

The allegations of Paragraph 22 of the plaintiff's petition are denied and/or denied as written.

**23.**

The allegations of Paragraph 23 of the plaintiff's petition are denied and/or denied as written.

**Certified True and Correct Copy**
eCertID: 000261105





East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
7/19/2016 11:59 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

24.

The allegations of Paragraph 24 of the plaintiff's petition are denied, denied as written and/or denied for lack of sufficient information to justify a belief therein. LSU incorporates, by reference, its prior responses to Paragraphs 1-23.

25.

The allegations of Paragraph 25 of the plaintiff's petition are denied and/or denied as written.

26.

The allegations of Paragraph 26 of the plaintiff's petition are denied and/or denied as written.

27.

The allegations of Paragraph 27 of the plaintiff's petition are denied, denied as written and/or denied for lack of sufficient information to justify a belief therein. LSU incorporates, by reference, its prior responses to Paragraphs 1-23.

28.

The allegations of Paragraph 28 of the plaintiff's petition are denied and/or denied as written.

29.

The allegations of Paragraph 29 of the plaintiff's petition are denied and/or denied as written.

30.

The allegations of Paragraph 30 of the plaintiff's petition are denied, denied as written and/or denied for lack of sufficient information to justify a belief therein. LSU incorporates, by reference, its prior responses to Paragraphs 1-23.

31.

The allegations of Paragraph 31 of the plaintiff's petition are denied and/or denied as written.

32.

The allegations of Paragraph 32 of the plaintiff's petition are denied and/or denied as

Certified True and
Correct Copy
eCertID: 000261105

Whitney LeBoeuf
East Baton Rouge Parish
Deputy Clerk of Court
Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

Generated Date:
7/19/2016 11:59 AM

33.

The allegations of Paragraph 33 of the plaintiff's petition are denied, denied as written and/or denied for lack of sufficient information to justify a belief therein. LSU incorporates, by reference, its prior responses to Paragraphs 1-23.

34.

The allegations of Paragraph 34 of the plaintiff's petition are denied and/or denied as written.

35.

The allegations of Paragraph 35 of the plaintiff's petition are denied and/or denied as written. Further, LSU states that it is not a "person" within the meaning of 42 USC §1983. Alternatively, LSU is entitled to immunity and or qualified immunity from these claims.

36.

The allegations of Paragraph 36 of the plaintiff's petition are denied and/or denied as written. Further, LSU states that it is not a "person" within the meaning of 42 USC §1983. Alternatively, LSU is entitled to immunity and or qualified immunity from these claims.

37.

The allegations of Paragraph 37 of the plaintiff's petition are denied. Further, LSU states that pursuant to La. R.S. 13:5105, no jury trial against it is permitted (without its consent) but, if a jury is permitted, it shall not be required to post a jury bond in accordance with La. R.S. 13:4581.

*******************

And now further answering the allegations of the plaintiff's petition, defendant states:

38.

Defendant, LSU denies that it is liable to the plaintiff but states that the plaintiff's claims against it are subject to the monetary limitation set out in La. R.S. 13:5106, and that it is entitled to statutory immunity pursuant to La. R.S. 9:2798.1.

39.

The plaintiff's claims are barred by his own contributory/comparative negligence.

**Certified True and Correct Copy**
eCertID: 000261105


East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:

7/19/2016 11:59 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

40.

Any damage which may have been sustained by plaintiff, the existence and/or severity of which are specifically denied, were caused by plaintiff's own negligence and/or the fault of other individuals/entities for whom LSU is not responsible or liable.

41.

LSU did not deprive plaintiff of any vested liberty or property rights, nor did it use any force which was unnecessary or excessive under the circumstances or which rises to a level of a violation of the law or the Constitution.

WHEREFORE, the Board of Supervisors of Louisiana State University & Agricultural and Mechanical College prays that the plaintiff's demands be dismissed at his costs.

Respectfully submitted,

**TAYLOR, PORTER, BROOKS & PHILLIPS L.L.P.**

By _____
Vicki M. Crochet, Bar # 4614
Thomas R. Peak, Bar # 14300
Katia D. Bowman, Bar # 31700
451 Florida Street, 8th Floor (70801)
P.O. Box 2471
Baton Rouge, LA 70821-2471
Telephone:  (225) 387-3221
Facsimile:   (225) 346-8049

**Attorneys for Defendant –** *Board of Supervisors of Louisiana State University & Agricultural and Mechanical College*



Certified True and Correct Copy
eCertID: 000261105

Whitney LeBoeuf
East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
7/19/2016 11:59 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

## CERTIFICATE

The undersigned hereby certifies that a copy of the foregoing has been sent via United States mail, postage prepaid to the following:

Julie Quinn
Justin E. Alsterberg
Natalie K. Maples
855 Baronne Street
New Orleans, LA 70113
*Counsel for Plaintiff*

Tedrick K. Knightshead
Special Assistant Parish Attorney
10500 Coursey Blvd., Suite 205
Baton Rouge, LA 70816
*Counsel for Baton Rouge Police Department*

Baton Rouge, Louisiana, this ___ day of May, 2015.

Vicki M. Crochet





Certified True and
Correct Copy
eCertID: 000261105

Whitney LeBoeuf
East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
7/19/2016 11:59 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

[ORIGINAL]

STATE

19TH JUDICIAL DISTRICT COURT
PARISH OF EAST BATON ROUGE
STATE OF LOUISIANA

MAY 25 2016

BY_____
DEPUTY CLERK OF COURT

**BLAKE HUVAL**

**VERSUS**

**THE BATON ROUGE POLICE
DEPARTMENT, THROUGH THE
CITY OF BATON ROUGE, CPL. TROY
MCCREARY, OFFICER ORY HOLMES
THE LA STATE UNIVERSITY POLICE
DEPARTMENT THROUGH THE BOARD
OF SUPERVISORS OF THE LA STATE
UNIVERSITY AND AGRICULTURAL AND
MECHANICAL COLLEGE AND OFFICER
JOHN DOE**

**NUMBER:  637,645**

**SECTION: "27"**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MOTION TO ENROLL ADDITIONAL COUNSEL**

NOW INTO COURT through undersigned counsel come defendants, Baton Rouge Police

Department through the City of Baton Rouge/Parish of East Baton Rouge, a political subdivision of

the State of Louisiana, Cpl. Troy McCreary and Officer Ory Holmes, and suggesting to the Court that

Deelee S. Morris (Bar Roll #28775), desires to enroll as additional counsel for Baton Rouge Police

Department through the City of Baton Rouge/Parish of East Baton Rouge, a political subdivision of

the State of Louisiana, Cpl. Troy McCreary and Officer Ory Holmes, defendants in the above-

captioned matter, and that mover desires that the name of Deelee S. Morris be entered as additional

counsel of record in this cause.

**BY ATTORNEYS:**

**LEA ANNE BATSON
PARISH ATTORNEY**

REC'D C.P.
JUN - 3 2016

_____
**Tedrick K. Knightshead (#28851)
First Assistant Parish Attorney
222 St. Louis Street, 9th Floor (70802)
P.O. Box 1471
Baton Rouge, LA  70821
(225) 389-3114 - Telephone
(225) 389-8736 - Facsimile
tknightshead@brgov.com - Email**

_____
**Deelee S. Morris (#28775)
Assistant Parish Attorney
222 St. Louis Street, 9th Floor (70802)
P.O. Box 1471
Baton Rouge, LA 70821
(225) 389-3114 - Telephone
(225) 389-8736 - Facsimile
dsmorris@brgov.com - Email**

REC'D C.P.

MAY 2 6 2016

FILED
STATE OF BATON ROUGE PARISH LA
2016 MAY 25 PM 1:16
DEPUTY CLERK OF COURT

EBR3616314

Certified True and
Correct Copy
eCertID: 000261106

    whitney LeBoeuf
East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:

7/19/2016 12:00 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

**19TH JUDICIAL DISTRICT COURT**
**PARISH OF EAST BATON ROUGE**
**STATE OF LOUISIANA**

**BLAKE HUVAL**

**NUMBER: 637,645**

**VERSUS**

**SECTION: "27"**

**THE BATON ROUGE POLICE**
**DEPARTMENT, THROUGH THE**
**CITY OF BATON ROUGE, CPL. TROY**
**MCCREARY, OFFICER ORY HOLMES**
**THE LA STATE UNIVERSITY POLICE**
**DEPARTMENT THROUGH THE BOARD**
**OF SUPERVISORS OF THE LA STATE**
**UNIVERSITY AND AGRICULTURAL AND**
**MECHANICAL COLLEGE AND OFFICER**
**JOHN DOE**
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing pleading has been sent to counsel for all pertinent parties by mailing same to each, properly addressed and postage prepaid, on this ___ day of **May, 2016.**



Tedrick K. Knightshead



Certified True and
Correct Copy
eCertID: 000261106

Whitney LeBoeuf
East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
7/19/2016 12:00 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

**19ᵀᴴ JUDICIAL DISTRICT COURT**
**PARISH OF EAST BATON ROUGE**
**STATE OF LOUISIANA**

BLAKE HUVAL

VERSUS

**NUMBER:  637,645**

**SECTION: "27"**

THE BATON ROUGE POLICE
DEPARTMENT, THROUGH THE
CITY OF BATON ROUGE, CPL. TROY
MCCREARY, OFFICER ORY HOLMES
THE LA STATE UNIVERSITY POLICE
DEPARTMENT THROUGH THE BOARD
OF SUPERVISORS OF THE LA STATE
UNIVERSITY AND AGRICULTURAL AND
MECHANICAL COLLEGE AND OFFICER
JOHN DOE
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## ORDER

Considering the foregoing Motion to Enroll as Additional Counsel of Record;

**IT IS ORDERED** that the name of Deelee S. Morris (Bar Roll #28775) be entered into the

record of this Court as additional counsel for defendants, Baton Rouge Police Department through

the City of Baton Rouge/Parish of East Baton Rouge, a political subdivision of the State of

Louisiana, Cpl. Troy McCreary and Officer Ory Holmes, in the above entitled and numbered cause.

Baton Rouge, Louisiana, this ___31___ day of ___May___, 2016.



**HON. JUDGE TODD W. HERNANDEZ**
**19ᵀᴴ JUDICIAL DISTRICT COURT**

FILED
...PARISH, LOUISIANA
2016 MAY 25  PM 1: 16
...DEPUTY CLERK OF COURT

**Certified True and**
**Correct Copy**
eCertID: 000261106


East Baton Rouge Parish
Deputy Clerk of Court

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

Generated Date:

7/19/2016 12:00 PM