UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BLAKE HUVAL                                                             CIVIL ACTION

VERSUS

                                                                      NO. 16-553-BAJ-RLB

THE BATON ROUGE POLICE DEPT.
THROUGH THE CITY OF BATON ROUGE, ET AL.

**ORDER**

Before the Court is Defendants Baton Rouge Police Department through the City of Baton Rouge/Parish of East Baton Rouge, a political subdivision of the State of Louisiana, Cpl. Troy McCreary, and Officer Ory Holmes' (collectively, "Movants") Motion to Compel Discovery (R. Doc. 17) filed on June 14, 2017. Plaintiff has not filed a response within the time allowed by Local Rule 7(f). Accordingly, the Motion is unopposed.

**I.     Background**

This is a civil rights action initiated by Blake Huval ("Plaintiff") in state court and subsequently removed by one of the defendants. (R. Doc. 1). Among other things, Plaintiff alleges that in light of injuries suffered during a wrongful arrest, he has sustained a loss of wages and wage-earning capacity. (R. Doc. 1-2 at 6).

On May 9, 2017, Movants requested Plaintiff to supplement his responses to previously served discovery requests: Interrogatory Nos. 18 and 19, and Request for Production Nos. 1, 2, and 3. (R. Doc. 17-3 at 5-6). It is unclear from the record, however, when these previously served discovery requests were actually served on Plaintiff, and to what extent, if any, Plaintiff responded or objected to those discovery requests in a timely manner. That same day, Movants served a single Supplemental Request for Production of Documents on Plaintiff ("Request for Production No. 8"). (R. Doc. 17-3 at 7-10).

Movants assert that pursuant to Rules 33(b)(2) and 34(b)(2)(A) of the Federal Rules of Civil Procedure, Plaintiff had until June 8, 2017 to respond to the request for supplemental responses and the supplemental request for production. (R. Doc. 17-1 at 1).

On June 8, 2017, Movants' counsel sent an email to Plaintiff's counsel to check on the status of Plaintiff's responses. (R. Doc. 17-4 at 2). Plaintiff's counsel responded the next day that the responses would likely be provided by the beginning of the following week. (R. Doc. 17-4 at 2).

On June 13, 2017, Movants' counsel attempted to contact Plaintiff's counsel to schedule a Rule 37(a)(1) conference, but was informed that Plaintiff's counsel was out of the country until June 23, 2017. (R. Doc. 17-4 at 1; R. Doc. 17-5).

On June 14, 2017, the deadline to complete non-expert discovery, Movants filed the instant motion. (R. Doc. 17).

## II. Law and Analysis

### A. Legal Standards

"Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). The court must limit the frequency or extent of discovery if it determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had

ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Rule 26(c)'s "good cause" requirement indicates that the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).

Rules 33 and 34 provide a party with 30 days after service of the discovery to respond or object. *See* Fed. R. Civ. P. 33(b)(2) and 34(b)(2)(A). If a party fails to respond fully to discovery requests made pursuant as to Rules 33 and 34 in the time allowed by the Federal Rules of Civil Procedure, the party seeking discovery may move to compel disclosure and for appropriate sanctions under Rule 37. An "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(4).

**B.    Analysis**

    **1.    Supplemental Responses to Interrogatory Nos. 18 and 19, and Request for Production Nos. 1, 2, and 3**

Movants have provided the text of Interrogatory Nos. 18 and 19, and Request for Production Nos. 1, 2, and 3 in the context of their request for supplemental responses. (R. Doc. 17-3 at 5-6). Movants have not, however, indicated whether and to what extent Plaintiff responded and/or objected to those discovery requests prior to the request for supplemental responses. In the absence of Plaintiff's original responses and/or objections, if any, the Court is unable to determine

whether and to what extent an order requiring supplemental responses or a waiver of objections is merited.[1]

Nevertheless, considering the procedural posture of this case, Plaintiff's counsel's representation that supplemental responses would be provided prior to the discovery deadline, and Plaintiff's lack of any response to the instant motion, the Court will require Plaintiff to respond to Movant's request for supplemental responses to Interrogatory Nos. 18 and 19, and Request for Production Nos. 1, 2, and 3 within 7 days of the date of this Order.

If Plaintiff's supplemental responses do not moot Movant's concerns, then may renew their motion to compel with regard to Interrogatory Nos. 18 and 19, and Request for Production Nos. 1, 2, and 3 within 14 days of Plaintiff's supplemental responses. Movants must schedule and hold a Rule 37(a)(1) conference prior to filing any renewed motion. Furthermore, any renewed motion must, as required by Local Rule 37, quote verbatim each interrogatory or request for production to which the motion is addressed, followed immediately by the verbatim initial and/or supplemental responses or objections provided by Plaintiff. Plaintiff should anticipate an expedited briefing schedule and/or a required court appearance on any such renewed motion.

2. **Request for Production No. 8**

Request for Production No. 8 seeks "[a]ny and all federal and/or state income tax returns filed by [Plaintif] for the last five (5) years together with W-2's and all accompanying documents (or any other documents evidencing you claim for loss of earnings and/or loss of earning capacity)." (R. Doc. 17-3 at 10).

---

[1] It appears from the May 9, 2017 letter that the requests for supplemental responses was the beginning of a dialogue between the parties regarding the sufficiency of earlier responses or objections, if any. Based on the specific circumstances of this case, the Court does not find that this letter triggered a new 30 day deadline to provide responses pursuant to Rule 33(b)(2) or 34(b)(2)(A). Accordingly, the Court will not conclude that Plaintiff has waived his objections with regard to Interrogatory Nos. 18 and 19, and Request for Production Nos. 1, 2, and 3 on the basis that he did not respond within 30 days to Movants' request for supplemental responses.

Considering Plaintiff's claims for lost wages and earning capacity, this request seeks information within the scope of discovery. Plaintiff has not timely objected or responded to this discovery request. Accordingly, with the exception of any applicable privileges and/or immunities, Plaintiff has waived any objections to this document request. *See In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989) ("[A]s a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived."); *B&S Equip. Co. v. Truckla Servs., Inc.*, No. 09-3862, 2011 WL 2637289, at *6 (E.D. La. July 6, 2011) (finding waiver of all objections to "discovery requests based on relevance, unduly burdensome, over broad, or any other objection not grounded on the attorney client or the work product privilege.").

### 3. Request for Reasonable Expenses

Where a motion to compel is granted in part and denied in part, the Court may "apportion the reasonable expenses for the motion" after "giving an opportunity to be heard." Fed. R. Civ. P. 37(a)(5)(C). Although it does not excuse Plaintiff's failure to respond to Movant's request for supplementation and failure to respond to the instant motion, the Court finds it appropriate to order each party to bear its own costs.

## III. Conclusion

Based on the foregoing,

**IT IS ORDERED** that the Motion to Compel (R. Doc. 17) is **GRANTED in part and DENIED in part.**

**IT IS FURTHER ORDERED** that Plaintiff shall respond to Movant's request for supplemental responses to Interrogatory Nos. 18 and 19, and Request for Production Nos. 1, 2, and 3 (R. Doc. 17-3 at 1-2) within **7 days** of the date of this Order. Plaintiff may raise any applicable response and/or objection to these supplemental requests. Movants shall file any

5

renewed motion to compel with regard to Interrogatory Nos. 18 and 19, and Request for Production Nos. 1, 2, and 3 within **14 days** of Plaintiff's supplemental responses,[2] but not before scheduling and holding a Rule 37(a)(1) conference.

**IT IS FURTHER ORDERED** that Plaintiff shall respond to Request for Production No. 8 without objection, other than the attorney-client privilege and/or work product immunity, within **7 days** of the date of this Order.

**IT IS FURTHER ORDERED** that the parties shall bear their own expenses.

Signed in Baton Rouge, Louisiana, on July 14, 2017.

                                            **RICHARD L. BOURGEOIS, JR.**
                                            **UNITED STATES MAGISTRATE JUDGE**

---

[2] If supplemental responses have already been provided, then the deadline to file a renewed motion to compel is 14 days from the filing of this Order.