UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BLAKE HUVAL            CIVIL ACTION

VERSUS

THE LOUISIANA STATE        NO.: 16-00553-BAJ-RLB
UNIVERSITY POLICE
DEPARTMENT, ET AL.

<u>RULING AND ORDER</u>

Before the Court are the **Motions in Limine (Docs. 96 and 97)** filed by Defendants the Baton Rouge Police Department, Officer Ory Holmes, and Officer Troy McCreary, and the **Motions in Limine (Docs. 98 and 99)** filed by Plaintiff Blake Huval. For the following reasons, the **Motion in Limine (Doc. 96)** is **GRANTED IN PART** and **DENIED IN PART**, the **Motions in Limine (Docs. 97 and 98)** are **GRANTED**, and the **Motion in Limine (Doc. 99)** is **DENIED**.

I.     BACKGROUND

The Court will not recite the facts of this case in detail because they are described at length in the Court's summary judgment ruling. (*See* Doc. 75). In sum, Plaintiff Blake Huval claims that Baton Rouge Police Officers Ory Holmes and Troy McCreary used excessive force against him. *Id.* The only remaining claims for trial are Plaintiff's: 42 U.S.C. § 1983 excessive force claim, Louisiana state law battery claim, and Louisiana intentional infliction of emotional distress claim against the

1

Baton Rouge Police Department and Officer McCreary and Holmes. (Doc. 75 at p. 21–22, 75).

III. DISCUSSION

A. Plaintiff's Treating Physicians (Doc. 96)

Defendants ask the Court to prevent Plaintiff's doctor, Dr. Robin Dale, Plaintiff's physical therapist, Tom Weber, and Plaintiff's social worker, Danny Williams, from testifying as expert witnesses about how Plaintiff's injuries were caused or to provide a prognosis or treatment plan. (Doc. 96-1 at p. 3–5). Defendants claim that Plaintiff failed to identify them as experts or provide the necessary expert witness disclosures. *Id.* Defendants, however, concede that they may testify as fact witnesses about the treatment they provided Plaintiff and how they diagnosed his injuries. *Id.* Plaintiff argues that they should be allowed to testify as experts under the treating physician exception. (Doc. 114 at p. 4).

Under Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure, retained experts must provide comprehensive expert reports. But non-retained experts, such as treating physicians, are typically "subject to a separate, less stringent disclosure regime than their retained counterparts." *Sheppard v. Liberty Mutual Ins. Co.*, No. 16-CV-2401, 2017 WL 467092, at *1 (E.D. La. Feb. 2, 2017). Under Rule 26(a)(2)(C), the party propounding the testimony of a non-retained expert, like a treating physician, must provide a disclosure that states "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or

705; and (ii) a summary of the facts and opinions to which the witness is expected to testify."

Here, Plaintiff did not identify Dr. Robin Dale, Tom Weber, or Danny Williams as experts until he filed his Opposition to Defendants' motion to exclude their testimony on June 15, 2018. (*See* Doc. 114 at p. 5). Plaintiff contends that he identified them as experts earlier in discovery. (Doc. 114-1 at p. 2). But although Plaintiff identified the three medical providers as witnesses, nowhere does Plaintiff show that he identified them as expert witnesses. *Id.* at p. 5. Beyond failing to identify them as experts, Plaintiff also failed to provide any evidence that he provided the required disclosures for non-retained experts under Rule 26(a)(2)(C). The Court therefore concludes that Plaintiff failed to properly designate the three witnesses as experts and failed to provide the necessary disclosures.

The only question then is whether to exclude these witnesses as experts. Courts consider four factors in determining whether to exclude an expert witness: "(1) the importance of the witnesses' testimony; (2) the prejudice to the opposing party of allowing the witnesses to testify; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation, if any, for the party's failure to comply with the discovery order." *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co. Inc.*, 73 F.3d 546, 572 (5th Cir. 1996).

Here, allowing the three medical providers to testify as experts is not particularly important because they can testify as fact witnesses about how they treated and diagnosed Plaintiff. Defendants will also be prejudiced if they are

allowed to testify as expert witnesses because Defendants only learned that Plaintiff intended to offer them as experts about a month before trial. The Court could cure the prejudice by granting a continuance but the trial is less than a month away, and the Court has a congested docket that makes it difficult to reschedule the trial. Finally, Plaintiff provides no good reason for failing to provide the required disclosures other than asserting that he attempted to comply with the expert disclosure rules in good faith. The Court will therefore exclude Dr. Robin Dale, Tom Weber, and Danny Williams from testifying as experts, but they may still testify as fact witnesses about how they treated and diagnosed Plaintiff.[1]

### B. Medical Records (Doc. 96)

Defendants also ask the Court to exclude medical records from Baton Rouge Physical Therapy disclosed by Plaintiff on April 11, 2018, (Doc. 96-1 at p. 6), well-after the June 14, 2017 discovery deadline. (Doc. 16). Plaintiff first argues that they are admissible because they are relevant. (Doc. 114 at p. 8). But the question is whether the records should be excluded because they were disclosed late, and not whether they are relevant. Plaintiff next argues that Defendants could have obtained the records because they had a medical authorization to obtain Plaintiff's medical records. (Doc. 114 at p. 8). True. But this is also beside the point because Defendants specifically made a document request for "any and all medical bills." (Doc. 96-1 at p.

---

[1] Defendants also ask the Court to prevent Danny Williams, the social worker who treated Plaintiff, from testifying even as a fact witness because Plaintiff first identified him as a witness in the pretrial order. (Doc. 96-1 at p. 7). But Plaintiff's initial Rule 26 disclosures from October 2016 identified Williams as an individual "likely to have discoverable information." (Doc. 127). Therefore, the Court will not exclude Williams as a fact witness.

4

5). Plaintiff cannot avoid responding to document requests by pawning the work onto Defendants.

Plaintiff finally argues that it is impractical to expect Plaintiff to comply with the discovery deadline because his treatment was ongoing. (Doc. 114 at p. 8). Of course, treatment may continue after the discovery deadline, but a party must supplement productions "in a timely manner." Fed. R. Civ. P. 26(e)(A). And here, Plaintiff does not dispute Defendants' assertion that he produced physical therapy records for treatment starting in October 2016 on April 11, 2018. (Doc. 96-1 at p. 6).

If a party fails to supplement information as required by Rule 26(e), they are not "allowed to use that information . . . at a trial, unless the failure was substantially justified or is harmless." Fed R. Civ. P. 37(c)(1). Although Plaintiff has not shown that the late disclosure is substantially justified, the Court finds that the late disclosure is harmless. Plaintiff previously disclosed medical records and although he did not supplement these disclosures in a timely manner, they were provided three months before trial, which is sufficient to allow Defendants to prepare an adequate defense.

C. Disciplinary Reports (Doc. 97).

Defendants ask the Court to exclude nine disciplinary reports[2] about Officer Holmes and McCreary because they do not relate to the incident in question or a

---

[2] The nine reports are: (1) History of Ory Holmes; (2) September 8, 2000, Personnel Action Report and Correspondence as to Troy McCreary; (3) April 1, 2004 Personnel Action Report and Correspondence as to Troy McCreary; (4) August 25, 2003 Interdepartmental Correspondence to Troy McCreary; (5) September 3, 2003 Interdepartmental Correspondence to Troy McCreary; (6) September 9, 2003 Interdepartmental Correspondence to Troy McCreary; (7) April, 30, 2014 Interdepartmental Correspondence to Ory Holmes; (8) Interdepartmental Correspondence and IA file 10-11 as to Ory

similar situation of excessive force and all but one of the reports occurred long before the incident at issue in this case. (Doc. 97-1 at p. 3–5). Defendants argue that the reports are therefore "irrelevant, unduly prejudicial, confusing, and inadmissible hearsay." *Id.* at p. 5. Plaintiff argues that the disciplinary reports are admissible under Federal Rule of Evidence 404(b) because Officer Holmes and McCreary's history and prior use of excessive force is relevant to whether they used excessive force in this case. (Doc. 123 at p. 5).

However, under Rule 404 "evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404(a)(1). The rule contains an exception under 404(b) that allows character evidence to be introduced in criminal cases to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." But this exception does not apply in civil cases.[3] *See SEC v. Acord*, No. 09-CV-21977, 2010 WL 11505963, at *1 (S.D. Fla. Aug. 23, 2010); *Fryou v. Gaspar*, 89-CV-3642, 1991 WL 68440, at *1 (E.D. La. Apr. 25, 1991). Indeed, the Committee Notes to Rule 404 state that the Rule was amended in 2006 "to clarify that in a civil case evidence of a person's character is never admissible to prove that the person acted in conformity with the character trait." Plaintiff apparently failed

---

Holmes; (9) Interdepartmental Correspondence and IA file 97811-09 as to Ory Holmes. (Doc. 97-1 at p. 3–4).

[3] Character evidence is only admissible in a narrow class of civil cases including, for example: "a defamation action in which the defense of truth is raised with respect to a slander of the plaintiff's character . . . or a tort action in which the negligence alleged consists in employing a person with dangerous propensities or permitting a person of reckless character to operate a motor vehicle." *United States v. McGee*, 29 F.3d 625, 1994 WL 395111, at *6 n.9 (5th Cir. 1994) (internal citations and quotations omitted).

to recognize that 404(b) only applies in criminal cases, and therefore Officer Holmes and McCreary's disciplinary reports are inadmissible under Rule 404(b).

Plaintiff also argues that the disciplinary reports are admissible under Federal Rule of Evidence 803(8)'s public records exception to hearsay. (Doc. 123 at p. 6–7). But even assuming that the disciplinary reports qualify as public records, they are still not admissible. Rule 803(8) is an exception to the general rule that hearsay is inadmissible. But Rule 404's bar on character evidence in civil cases operates as a separate and distinct hurdle to admissibility.

### D. Evidence of Plaintiff's Mental Distress (Doc. 97).

Defendants next ask the Court to exclude evidence that Plaintiff experienced mental distress by witnessing his brother, Chase Huval, being tased. (Doc. 97-1 at p. 5). Defendants argue that this evidence is not relevant because Plaintiff did not bring a claim that can be based on witnessing his brother's tasing. *Id.* Plaintiff argues that the emotional distress he suffered by witnessing police officers tase his brother is relevant to his intentional infliction of emotional distress claim. (Doc. 123 at p. 8).

Evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. And under Louisiana's bystander recovery statute, certain family members, including siblings, "who view an event causing injury to another person, or who come upon the scene of the event soon thereafter, may recover damages for mental anguish or emotional distress that they suffer as a result of the other person's injury." La. Civ. Code. Ann. art. 2315.6. This

law is "intended to allow recovery of bystander damages to compensate for the immediate shock of witnessing a traumatic event which caused the direct victim immediate harm that is severe and apparent." *Trahan v. McManus*, 728 So.2d 1273, 1279 (La. 1999).

Plaintiff, however, did not assert a claim under the bystander recovery statute, La. Civ. Code. Ann. art. 2315.6, in his Amended Complaint. (Doc. 1-2 at p. 2–9). The closest Plaintiff comes is alleging that "[a]s a result of [Plaintiff] witnessing his brother collapse to the ground, fearing that his brother had been shot, Huval suffered an intentional infliction of emotional distress." (Doc. 1-2 at p. 5). But a plaintiff cannot recover for emotional distress caused by witnessing another person's injuries based on intentional infliction of emotional distress. The bystander recovery statute makes clear that "[d]amages suffered as a result of mental anguish or emotional distress for injury to another shall be recovered only in accordance with this Article." La. Civ. Code. Ann. art. 2315.6(B); *see also Damond v. Craft*, 538 F. App'x 553, 556 (5th Cir. 2013) ("a theory of relief based on negligent or intentional infliction of emotional distress is precluded by Article 2315.6, which . . . provides the exclusive remedy for mental anguish or emotional distress for injury to another under Louisiana law."). Evidence about the alleged mental distress Plaintiff experienced by witnessing his brother, Chase Huval, being tased, is therefore not relevant.

Plaintiff argues that a motion in limine is not the proper vehicle to strike a claim that was plead in his Complaint. (Doc. 116 at p. 9). If Plaintiff had brought a bystander recovery claim, then it would be improper to dismiss it in a motion in

limine. *See Morgan v. Mississippi*, No. 7-CV-15, 2009 WL 3259233, at *1 (S.D.Miss. Oct.8, 2009) ("[A] motion in limine cannot be a substitute for a motion for summary judgment, a motion to dismiss, or a motion for directed verdict."). But Plaintiff did not bring a bystander recovery claim in his Amended Complaint, and therefore it is appropriate to limit testimony on an issue that is not relevant to any of Plaintiff's claims. *See* Fed. R. Evid. 401 (evidence is relevant only if it is a fact of consequence).[4]

### E. Testimony of Robin Cannatella and Officer Joseph Colar (Doc. 98)

Plaintiff asks the Court to exclude the testimony of Robin Cannatella, a social worker who saw Plaintiff as part of the pre-trial diversion program he completed, and Officer Joseph Colar, who Plaintiff claims he has no information about. (Doc. 98-1 at p. 1). Plaintiff argues that Defendants first identified these individuals as potential witnesses in the pretrial order on March 8, 2018, and therefore they should be prevented from testifying at trial. *Id.* at 1–3. Defendants did not file an opposition to Plaintiff's request to exclude these witnesses.

Under Rule 37(c)(1) of the Federal Rules of Civil Procedure, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Here, Defendants have provided no explanation for disclosing Robin Cannatella and

---

[4] Plaintiff seeks Rule 11 sanctions because Defendants sought to exclude this evidence. (Doc. 116 at p. 10). Plaintiff argues that Defendants attempt to exclude Plaintiff's emotional distress claim "is harassment" and "frivolous." *Id.* However, because the Court agrees with Defendants' argument, the Court denies Plaintiff's request for Rule 11 sanctions.

Officer Joseph Colar late, and therefore Defendants have not met their burden to show the failure to disclose is "substantially justified or is harmless." These witnesses therefore may not testify at trial.

### F. Internal Affairs Report (Doc. 99)

Plaintiff asks the Court to exclude the facts and conclusions contained in the Louisiana State Police Internal Affairs Report about State Trooper Chase Huval's actions, as well as any mention of the report at trial. (Doc. 99 at p. 1). By way of background, the Report concludes that Chase Huval, Plaintiff's brother, acted improperly on the night in question. (Doc. 100 at p. 27–Doc. 101 at 2). The Report includes five pages of investigative findings, (Doc. 100 at p. 27–32), about three pages of conclusions describing how Chase Huval violated several Louisiana State Police policies, (Doc. 100 at p. 32–Doc. 101 at p. 2), nineteen pages of summaries of the internal affairs investigators' interviews with thirteen witnesses, (Doc. 101 at p. 2–21), and fifty-four pages of exhibits, including several police reports. (Doc. 101 at p. 23–Doc. 102 at p. 38). Defendants argue that the entire report is admissible under Federal Rule of Evidence 803(8), the public records exception to hearsay. The Rule provides that the following is an exception to the bar against hearsay:

> A record or statement of a public office if: (A) it sets out: (i) the office's activities; (ii) a matter observed while under a legal duty to report, but not including, in a criminal case, a matter observed by law-enforcement personnel; or (iii) in a civil case or against the government in a criminal case, factual findings from a legally authorized investigation; and (B)

the opponent does not show that the source of information or other circumstances indicate a lack of trustworthiness.

Rule 803(8) "is designed to permit the admission into evidence of public records prepared for purposes independent of specific litigation." *United States v. El-Mezain*, 664 F.3d 467, 498 (5th Cir. 2011) (internal citation omitted). "It is based on the notion that public records are reliable because there is a lack of motivation on the part of the recording official to do other than mechanically register an unambiguous factual matter." *Id.* (internal quotations omitted). "Opinions and conclusions, as well as facts, are covered by Rule 803(8)(C)." *Moss v. Ole S. Real Estate, Inc.*, 933 F.2d 1300, 1305 (5th Cir. 1991).

Plaintiff argues that the conclusions in the Report must be excluded based on *McQuaig v. McCoy*, 806 F.2d 1298 (5th Cir. 1987) and *Smith v. Ithaca Corp.*, 612 F.2d 215 (5th Circ. 1980), (Doc. 99-1 at p. 4), where the Fifth Circuit held that "evaluative conclusions or opinions" contained in investigatory reports are inadmissible under Rule 803(8), but factual findings are admissible. *McQuaig*, 806 F.2d at 1302 (citing *Smith*, 612 F.3d at 222). But Plaintiff fails to recognize that the Supreme Court overruled the distinction between conclusions and facts after the Fifth Circuit decided *McQuaig* and *Smith*. See *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 170 (1988). In *Beech Aircraft Corp*, the Supreme Court held "that portions of investigatory reports otherwise admissible under Rule 803(8)(C) are not inadmissible merely because they state a conclusion or opinion. As long as the conclusion is based on a

factual investigation and satisfies the Rule's trustworthiness requirement, it should be admissible[.]" *Id.* at 170.

Therefore the only question is whether the Report is trustworthy. "[T]he party opposing the admission of the report must prove the report's untrustworthiness." *Moss*, 933 F.2d at 1305. There are four nonexclusive factors which are helpful in determining trustworthiness: "(1) the timeliness of the investigation; (2) the special skill or expertise of the official; (3) whether a hearing was held and at what level; and (4) possible motivational problems[.]" *Id.*

Plaintiff does not explicitly argue that the Report is not trustworthy. Rather, Plaintiff, apparently invoking the Best Evidence Rule, argues that "written statements and police reports from officers who were actually under the legal duty to report on the incident at issue constitutes the best evidence of what transpired that evening." (Doc. 99-1 at p. 5). But the Best Evidence Rule is not applicable here. It provides that "[a]n original writing, recording, or photograph is required in order to prove its content[.]" Fed. R. Evid. 1002. For example, if the Plaintiff attempted to have a person testify about a photograph she saw, the Plaintiff would be required to offer the photograph into evidence. But that is not the situation here.

Plaintiff also argues that every witness that the authors of the Report relied on will be testifying at trial, and thus there is no value to the factual findings contained in the Report. (Doc. 99-1 at p. 5). Under Rule 403 of the Federal Rules of Evidence, a Court may "exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . needlessly presenting cumulative

evidence." At this stage, however, the Court is without sufficient information to conclude whether the Report will be cumulative because the Court does not know how many witnesses will testify on the issues in the Report. Therefore, the Court reserves ruling on whether the Report will be cumulative.

Finally, it is unclear whether Defendants seek to admit the nineteen pages of summaries of the internal affairs investigators' interviews with thirteen witnesses, (Doc. 101 at p. 2–21), and fifty-four pages of exhibits, including several police reports contained in the Report. (Doc. 101 at p. 23–Doc. 102 at p. 38). To the extent Defendants wish to admit these portions of the Report, the Court concludes they are inadmissible under Rule 803(8). *See Mason v. Faul*, No. 12-CV-2939, 2018 WL 1097092, at *2 (W.D. La. Feb. 28, 2018) ("The jurisprudence is clear that although [an investigatory report] itself may be admitted under the public records exception to the hearsay rule, witness statements contained within the Report or attached to the Report as exhibits are hearsay unless another hearsay exception applies."). The parties may, of course, seek to admit these portions of the Report under another hearsay exception, if one applies. The Court merely concludes that they are inadmissible under Rule 803(8).

IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that the **Motion in Limine (Doc. 96)** is **GRANTED IN PART** and **DENIED IN PART**.

IT IS FURTHER ORDERED that the **Motion in Limine (Docs. 97 and 98)** are **GRANTED**.

IT IS FURTHER ORDERED that the **Motion in Limine (Doc. 99)** is **DENIED**.

IT IS FURTHER ORDERED that the **Motions for Oral Argument (Docs. 115 and 117)** are **DENIED**.

IT IS FURTHER ORDERED that:

- Dr. Robin Dale, Tom Weber, and Danny Williams may not testify as expert witnesses for Plaintiff, but they may testify as fact witnesses.

- Plaintiff's medical records from Baton Rouge Physical Therapy disclosed by Plaintiff on April 11, 2018, are admissible.

- The following disciplinary records for Officer McCreary and Officer Holmes are inadmissible: (1) History of Ory Holmes; (2) September 8, 2000, Personnel Action Report and Correspondence as to Troy McCreary; (3) April 1, 2004 Personnel Action Report and Correspondence as to Troy McCreary; (4) August 25, 2003 Interdepartmental Correspondence to Troy McCreary; (5) September 3, 2003 Interdepartmental Correspondence to Troy McCreary; (6) September 9, 2003 Interdepartmental Correspondence to Troy McCreary; (7) April, 30, 2014 Interdepartmental Correspondence to Ory Holmes; (8) Interdepartmental Correspondence and IA file 10-11 as to Ory Holmes; (9) Interdepartmental Correspondence and IA file 97811-09 as to Ory Holmes.

- Evidence about Plaintiff's mental distress from witnessing his brother being tased is inadmissible.

- Robin Cannatella and Officer Joseph Colar may not testify at trial.

14

- The Internal Affairs Report's factual findings and conclusions are admissible under Federal Rule of Evidence Rule 803(8), but the Court reserves ruling on whether the Report is cumulative evidence. (*See* Doc. 100 at p. 27– Doc. 111 at p. 2). However, the summaries of the internal affairs investigators' interviews, (Doc. 101 at p. 2-21), and exhibits contained in the Report, (Doc. 101 at p. 23–Doc. 102 at p. 38), are not admissible under Rule 803(8).

Baton Rouge, Louisiana, this 29th day of June, 2018.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA