UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BLAKE HUVAL     CIVIL ACTION

VERSUS

THE LOUISIANA STATE
UNIVERSITY POLICE
DEPARTMENT, ET AL.     NO.: 16-00553-BAJ-RLB

## RULING AND ORDER

Plaintiff asks the Court to reconsider its Ruling (Doc. 128) excluding evidence that he experienced mental distress by witnessing his brother being tased. (Doc. 133). Under Rule 54(b), a "court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017).[1] The Court excluded bystander liability evidence of Plaintiff's brother being tased because Plaintiff did not assert a claim under Louisiana's bystander recovery statute, La. Civ. Code. Ann. art. 2315.6, as one of his six causes of action. (Doc. 128 at p. 7-9).

---

[1] Plaintiff incorrectly cites Federal Rule of Civil Procedure Rule 60(b) and Rule 59(e), which govern relief from final judgments, rather than Rule 54(b), which governs reconsideration of interlocutory orders like the one here. *See Cabral v. Brennan*, 853 F.3d 763, 766 (5th Cir. 2017); *McKay v. Novartis Pharm. Corp.*, 751 F.3d 694, 701 (5th Cir. 2014). Still, the Court will evaluate Plaintiff's motion for reconsideration under the correct—more lenient—standard.

1

Plaintiff asks the Court to reconsider this Ruling because he was not required "to set forth the exact statute or code article providing relief." (Doc. 133). Plaintiff contends that it is enough that he alleged that "[a]s a result of [Plaintiff] witnessing his brother collapse to the ground, fearing that his brother had been shot, Huval suffered an intentional infliction of emotional distress." (*See* Doc. 1-2 at p. 4). Setting aside, whether Plaintiff needed to specifically cite the bystander recovery statute, Plaintiff has waived any bystander recovery claim by failing to include it in the Joint Pretrial Order.

"It is a well-settled rule that a joint pretrial order signed by both parties supersedes all pleadings and governs the issues and evidence to be presented at trial." *Elvis Presley Enters., Inc. v. Capece*, 141 F.3d 188, 206 (5th Cir. 1998) (internal quotations and citations omitted). Plaintiff lists seven claims for trial, but does not list a bystander recovery claim. (Doc. 79 at p. 6). Likewise, Plaintiff omits any bystander recovery damages in the damages section of the Joint Pretrial Order. *Id.* at p. 7. Because the Joint Pretrial Order governs the issues for trial, Plaintiff cannot introduce evidence that he experienced mental distress by witnessing his brother, Chase Huval, being tased or otherwise injured.

Accordingly,

The **Motion for New Trial And/Or Reconsideration (Doc. 133)** is **DENIED**.

Baton Rouge, Louisiana, this 13th day of July, 2018.

**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**