UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BLAKE HUVAL                                                     CIVIL ACTION

VERSUS

LOUISIANA STATE UNIVERSITY                 NO.: 16-00553-BAJ-RLB
POLICE DEPARTMENT, ET AL.

## RULING AND ORDER

Before the Court is a **Motion for Judgment as a Matter of Law or for New Trial (Doc. 154)** filed by Plaintiff Blake Huval. Defendant Ory Holmes filed an opposition (Doc. 159), and Plaintiff filed a reply. (Doc. 162). For the reasons that follow, the **Motion (Doc. 154)** is **DENIED**.

I.     **BACKGROUND**

Plaintiff Blake Huval sued Baton Rouge Police Department Officers Ory Holmes and Troy McCreary under 42 U.S.C. § 1983 for intentional infliction of emotional distress, battery, and excessive force. (Doc. 1-2).

A four-day jury trial began on July 16, 2018. (Doc. 144). After Plaintiff rested his case, Officers McCreary and Holmes moved for judgment as a matter of law under Federal Rule of Civil Procedure 50(a). (Doc. 149). The Court granted Officer McCreary's motion but denied Officer Holmes's motion. (*Id.*)

The jury returned its verdict on July 20, 2018. (Doc. 148). On Plaintiff's excessive-force claim, the jury found that Officer Holmes used excessive force against Plaintiff, but Officer Holmes was entitled to qualified immunity because he

1

reasonably believed that "the actions taken were lawful in light of the clearly established law and the information he possessed at the time." (Doc. 148, p. 1). On Plaintiff's intentional infliction of emotional distress claim, the jury found for Officer Holmes. (Doc. 148, p. 3). And on Plaintiff's battery claim, the jury found for Plaintiff and awarded him $40,000 in damages. (Doc. 148, pp. 3-4).

Plaintiff now moves for a new trial on qualified immunity as to Officer Holmes.[1] (Doc. 154-1).

## II. LEGAL STANDARD

The Court may grant a new trial on motion following a jury trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court." FED. R. CIV. P. 59(a)(1)(A). Because Plaintiff seeks a new trial on evidentiary grounds, Plaintiff must show "an absolute absence of evidence" to support the jury's finding that Officer Holmes was entitled to qualified immunity. *Seibert v. Jackson Cnty., Miss.*, 851 F.3d 430, 438 (5th Cir. 2017).

## III. DISCUSSION

Plaintiff argues that the Court should grant him a new trial because no evidence supports the jury's finding that Officer Holmes was entitled to qualified immunity on Plaintiff's excessive-force claim. (Doc. 154). In support, Plaintiff plucks two sentences from the Court's summary judgment ruling and casts them as "findings

---

[1] Plaintiff also moves for judgment as a matter of law under Federal Rule of Civil Procedure 50. (Doc. 154). Plaintiff is not entitled to Rule 50 relief post-trial because Plaintiff failed to move for judgment as a matter of law on the qualified immunity issue at the close of the evidence. *Maryland Cas. Co. v. Acceptance Indem. Ins. Co.*, 639 F.3d 701, 707 (5th Cir. 2011).

2

of fact" that precluded the jury from finding that Officer Holmes was entitled to qualified immunity:

- "When Officer Holmes kicked Plaintiff in the head, Plaintiff was no longer actively resisting arrest." (Doc. 75, p. 18).
- "When Officer Holmes kicked Plaintiff, he had already taken Plaintiff to the ground, and there is no evidence that either Plaintiff or his brother were reaching for a gun or making aggressive movements." (*Id.* at p. 18).

Plaintiff argues that because the Court "found" these facts on summary judgment, no evidence supports the jury's finding that Officer Holmes acted reasonably when he kicked Plaintiff in the head. (Doc. 154-1, p. 11). The argument suffers from procedural and substantive flaws.

Plaintiff's argument is flawed procedurally because it confuses the summary judgment standard. On summary judgment, the decision-maker views facts and draws reasonable inferences in the non-movant's favor; after trial, the decision-maker does not. *Vann v. City of Southaven, Miss.*, 884 F.3d 307, 309 (5th Cir. 2018). The statements Plaintiff extracts from the Court's summary judgment ruling were made "taking the evidence in the light most favorable to Plaintiff." (Doc. 75, p. 18). They are not findings of fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) ("[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter[.]"); *Fowler v. United States*, 647 F.3d 1232, 1239 (10th Cir. 2011) ("factual findings, to the extent they were made, were inappropriate for summary judgment").

3

Plaintiff's argument is flawed substantively because it ignores evidence that supports the jury's qualified immunity finding. Defendants presented evidence from which the jury could have found that Officer Holmes acted reasonably when he kicked Plaintiff after Plaintiff fell to the ground. Specifically, Defendants presented evidence that Plaintiff posed a threat to Officer Holmes after Plaintiff fell to the ground because Plaintiff could have reached for a gun. Plaintiff thus fails to show "an absolute absence of evidence" to support the jury's finding that Officer Holmes was entitled to qualified immunity. *Seibert*, 851 F.3d at 438.

IV. **CONCLUSION**

Accordingly,

**IT IS ORDERED** that the **Motion for Judgment as a Matter of Law or for New Trial (Doc. 154)** is **DENIED**.

Baton Rouge, Louisiana, this 26th day of September, 2018.

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**